The People of the State of New York, on the relation of Alfred Hess and Avery Z. Kingsley, *vs.* Whipple Clark, J. Dayton F. Smith and William Lewis, commissioners of the town of Lebanon, in the county of Madison, appointed under the act entitled "An act to facilitate the construction of the New York and Oswego Midland Railroad, and to authorize towns to subscribe to the capital stock thereof," passed April 5, 1866, and the Town of Lebanon and the New York and Oswego Midland Railroad Company.

A statute passed in 1866 authorized certain towns to subscribe for the stock of a railroad company, to such an amount as a majority of the tax paying inhabitants of each town, owning or representing more than one half of the taxable property in said town, as shown by the assessment roll for the year 1865, should fix upon by their assent in writing, or by votes, not exceeding a certain per centage of the assessed valuation of property therein; on condition that such written consent of a majority of the tax payers owning or representing more than one half of the taxable property of said town on the assessment roll for the year 1865, should first be obtained. The written consent of the requisite number of tax payers of one of the towns specified was obtained, for the borrowing on the credit of the town of the sum of $125,000. But such consent contained the following condition, viz: "This consent is made and signed upon the express condition that said road shall be located and constructed upon a line running through or near the village of E.; thence southerly through the towns of L. and S." A sufficient number of the tax payers of the town in question did not sign an unconditional consent to authorize the commissioners to bond the town and subscribe for stock in said railroad company, pursuant to the statute.

*Held* that if the condition annexed to the consent so given rendered the same invalid; it was made valid by a subsequent statute, passed in 1868, which declared, in substance, that consents obtained in pursuance of the act of 1866 should be valid and effectual for all purposes for which they were authorized to be given, and should not be invalidated or avoided, or in any manner affected, by reason of certain specified matters "or for any other error, irregularity, omission or defect," provided a majority of the tax payers should have actually signed or executed such consents.

*Held, also,* that in an action brought in the name of the people, against the commissioners appointed under the act of 1866 to subscribe for the stock of the railroad company therein mentioned, on behalf of a town, to restrain such commissioners from executing or issuing or disposing of any bonds of said town, in payment for stock subscriptions, &c. the railroad company was a necessary party.

The People *v.* Clark.

That the action being for an alleged wrong, the railroad company was not a
defendant, so as to be bound by the proceedings or judgment therein, by
merely being named as a defendant in the summons and pleadings.

Such an action cannot be maintained in the name of the people by their attor-
ney-general *it seems;* the people of the state not being interested in the
question whether the taxable inhabitants of a particular town should issue
bonds of such town to aid in the construction of a railroad.

Nor is it authorized by sections 429 to 447 of the Code of Procedure.

APPEAL from an order made by one of the justices of
this court on the 3d day of October, 1868, denying
the motion of the defendants Clark, Smith and Lewis to
vacate an injunction order granted by another justice of
this court. The appeal is brought by said Clark, Smith
and Lewis.

The injunction restrained said Clark, Smith and Lewis
and the town of Lebanon from taking any steps or pro-
ceedings whatever towards executing or issuing, or dis-
posing of the bonds, or any part or portion thereof, of the
said town of Lebanon, amounting to $125,000, in payment
or satisfaction and discharge of a subscription to the cap-
ital stock of the New York and Oswego Midland Railroad
Company, made by said Clark, Smith and Lewis, as com-
missioners, under chapter 398 of the laws of 1866, entitled
"An act to facilitate the construction of the New York
and Oswego Midland railroad, and to authorize towns to
subscribe to the capital stock thereof," (*Laws of* 1866,
*vol.* 1, *p.* 874,) and the several acts amendatory of said act.
The injunction also restrained said commissioners and said
town from disposing of said bonds which might have been
executed or issued, and from investing any moneys which
might have been raised by them by the sale of any of
said bonds, in the stock of said company, and from sub-
scribing for or purchasing any of the stock of said com-
pany in the corporate name of said town, and from issuing
any of said bonds to the company; and the said com-
pany was also restrained from selling or disposing of any
of said bonds which might have been issued or delivered

to them by said commissioners, or from delivering any stock for said bonds. The injunction forbade all further proceedings by the defendants, under said acts of the legislature respecting the bonding of said town.

The injunction was granted on the complaint in the action, which was verified by the relators.

The motion to vacate the injunction was made on the complaint, the answer of the said commissioners and affidavits.

The action was brought in the name of the People of the State of New York, upon the relation of Alfred Hess and Avery Z. Kingsley, and by Marshall B. Champlain, their attorney-general. The place of trial stated in the complaint was Madison county.

The appeal was argued by Daniel Pratt, for the attorney-general. A brief on the same side was submitted by Mason & Underhill.

The commissioners were represented by Henry E. Davies and William F. Allen, who made oral arguments. Briefs were submitted on the part of the commissioners by Henry R. Low, and Merrit & Prindle.

*By the Court,* BALCOM, P. J. The commissioners, Clark, Smith and Lewis, were appointed by the county judge of Madison county, pursuant to section one, of the act of 1866. (*Laws of* 1866, *vol.* 1, *p.* 874.) The second section of that act authorized the commissioners to borrow, on the faith or credit of the town of Lebanon, such sum of money as a majority of the tax paying inhabitants of said town should fix upon by their assent in writing, not exceeding in amount thirty per cent of the assessed valuation of the real and personal property of said town as shown by the assessment roll for the year 1865, of such town, at a rate of interest not exceeding seven per cent, for a term not exceeding thirty years, and to execute bonds therefor under their hands and seals. But the commissioners were for-

bidden by the same section to issue such bonds unless consent should first be obtained, in writing, of a majority of the tax payers of said town owning or representing more than one half of the taxable property of said town, assessed and appearing upon the assessment roll of the year 1865.

The written consent of the requisite number of the tax payers of said town was obtained for said commissioners to borrow on the faith or credit of said town, as aforesaid, the sum of $125,000.

By section three of said act the commissioners were authorized to dispose of said bonds and invest the proceeds in the stock of the New York and Oswego Midland Railroad Company; and subscribe for such stock; and such stock, when scrip therefor should be issued, would belong to said town; and *such town* would acquire the same rights and privileges as other stockholders of said company.

This action would not have been brought if the aforesaid consent, of a considerable portion of the tax payers of said town, had not contained the following condition, viz: "This consent is made and signed upon the express condition that said road (meaning the New York and Oswego Midland Railroad) shall be located and constructed upon a line running through or near the village of Eaton; thence southerly through the towns of Lebanon and Smyrna." A sufficient number of the tax payers of Lebanon did not sign an unconditional consent to authorize the commissioners to bond said town and subscribe for stock in said railroad company, pursuant to the act of 1866. (*Supra.*)

It is claimed by the plaintiffs' counsel that the above mentioned condition made the consent of the tax payers of the town of Lebanon invalid, and that no bonds of said town could be legally issued upon such consent.

Several objections are raised by the defendants' coun-

sel touching the right of the plaintiffs to maintain the action; and they insist that the consent of the tax-payers of the town was valid, notwithstanding the condition complained of.

The road was located in accordance with said condition.

It is alleged in the complaint that the commissioners of the town of Lebanon have executed and issued, and were executing and issuing, $25,000 or more of the bonds of said town, and have delivered or were about to deliver the same to the said New York and Oswego Midland Railroad Company, or to the president or directors thereof, and to take in exchange therefor the stock of said company, or to otherwise dispose of the same. And that the bonds and such of them as have been so delivered are still in the hands of said company, its president, directors or some officer or agent of said company.

It does not appear by the appeal papers that the summons in the action has been served on said railroad company, or that such company has appeared in the action. That such company has not been brought in as a defendant is conceded in the brief of Mason & Underhill, on the part of the plaintiffs, and also in the brief of Merritt & Prindle, on the part of the commissioners. The action being for an alleged wrong, said railroad company is not a defendant, so as to be bound by the proceedings or judgment in the action, by merely being named as a defendant in the summons and pleadings. (*See Robinson* v. *Frost,* 14 *Barb.* 536; *Horton* v. *Payne,* 27 *How. Pr.* 374.) The company has such interest in the controversy that it is a necessary party defendant to the action. (*See Code,* § 122; *Shaver* v. *Brainard,* 29 *Barb.* 25.) .

The defendants' counsel insist that the action cannot be maintained in the name of the people by their attorney-general.

It it provided by the Revised Statutes that "it shall be the duty of the attorney-general to prosecute and defend

The People *v.* Clark.

all actions in the event of which the people of this state shall be interested." (1 *R. S. p.* 487, § 1, *5th ed.*)

Judge Davis, in delivering the opinion of the Court of Appeals, in *The People* v. *Booth,* (32 *N. Y. Rep.* 397,) said: "The people of the state, like all other parties to actions, must show an interest in the subject matter of the litigation, to entitle them to prosecute a suit, and demand relief."

The remedy to prevent the erection of a purpresture and nuisance, in a bay or navigable river, is by injunction at the suit of the people by their attorney-general. For all the people of the state are interested in the question, and have the right to use all bays and navigable rivers within the state. (*See People* v. *Vanderbilt,* 26 *N. Y. Rep.* 287; *S. C.* 28 *id,* 396.) And I think the attorney-general may maintain an action in the name of the people of the state to prevent the obstruction of a public highway, which all the people have the right to travel, because all of them have an interest in such highways. (*See Davis* v. *The Mayor, &c.* 4 *Kern.* 506.)

All the people of the state are not interested in the question whether the taxable inhabitants of the town of Lebanon shall issue bonds of their town to aid in the construction of the New York and Oswego Midland Railroad. And this action cannot be maintained by them, by their attorney-general, unless it is authorized by the statute, which declares that " upon a civil action being commenced by the attorney-general in the Supreme Court, it shall have power to restrain by injunction any corporation from assuming or exercising any franchise, liberty or privilege, or transacting any business, not allowed by the *charter* of such corporation ; and in the same manner to restrain any *individuals* from exercising any corporate rights, privileges or franchises not granted to them by any *law* of this state." (3 *R. S.* 762, § 39, *5th ed.*)

Towns are bodies corporate for certain purposes. (1 *R.*

The People *v.* Clark.

*S.* 812, §§ 1, 2, *5th ed.*)  But they have no *charters* as corporations, within the meaning of the statute above quoted.

It is claimed by the plaintiffs' counsel that the defendants Clark, Smith and Lewis, as commissioners of the town of Lebanon, are exercising *corporate* rights, privileges or franchises not granted to them by any law of this state, by taking measures to issue bonds of the town of Lebanon, and in subscribing for stock for such town in the New York and Oswego Midland Railroad Company, &c. and that therefore the action may be maintained by the attorney-general in the name of the people of the state to restrain such individual commissioners from doing such acts, under the last clause of the statute I have quoted. But for reasons I shall soon state it is unnessary to decide whether the action is maintainable if Clark, Smith and Lewis, as commissioners, are taking proceedings to bond the town of Lebanon for $125,000, without the requisite consent of the necessary number of the tax payers of such town obtained in the manner prescribed by the law of 1866. (*Supra.*)  But upon this question see *Story's Eq. Plead.* §§ 8, 49; 2 *id.* §§ 921, 923; *Barb. on Parties,* 367; *Attorney-General* v. *Forbes,* (2 *Mylne & Craig,* 123;) *Same The Mayor, Bailiffs and Burgesses of Liverpool,* (1 *id.* 171;) *Same* v. *The Corporation of Poole,* (4 *id.* 17;) *Same* v. *Aspenall,* (*Id.* 513;) *Same* v. *Wilson,* (9 *Simons,* 30;) *Same* v. *The Corporation of Norwich,* (16 *id.* 225;) *Same* v. *The Corporation of Litchfield,* (13 *id.* 547;) *Same* v. *The Mayor, &c. of Dublin,* (1 *Bligh. N. R.* 312;) 2 *Duer,* 663; 9 *Abbott,* 253; *S. C.* 10 *id.* 144; *S. C.* 19 *id.* 156; 14 *N. Y. Rep.* 506; 23 *id.* 324; 32 *Barb.* 102.

It is not claimed by the plaintiffs' counsel that the action is brought under or pursuant to section 119 of the Code; and it is not alleged in the complaint that the relators therein named have sued for the benefit of all the tax payers of the town of Lebanon.

It is clear that the action is not authorized by sections 429 to 447 of the Code.

It is argued by the plaintiffs' counsel that the condition annexed to the consent of the tax payers of Lebanon to the bonding of such town rendered such consent invalid. The cases of *The Butternuts and Oxford Turnpike Company* v. *North*, (1 *Hill*, 518,) and *Fort Edward and Fort Miller Plank Road Company* v. *Payne*, (15 *N. Y. Rep.* 583,) are relied upon to sustain this proposition. The following authorities are supposed to be in conflict with the foregoing cases: *Evansville R. R. Co.* v. *Dunn*, (17 *Ind. R.* 603;) *Parker* v. *Thomas*, (19 *id.* 213;) *Smith* v. *Alison*, (23 *id.* 366;) *Racine County Bank* v. *Ayres*, (12 *Wis. Rep.* 512;) *Kenosha, Rockford and Rock Island R. R.* v. *Marshe*, (17 *id.* 13;) 1 *Redfield on Railways*, 3d ed. 64; *Id.* 171, § 51; *Central Turnpike Company* v. *Valentine*, (10 *Pick.* 142;) *Henderson and Nashville R. R. Co.* v. *Seawell*, (16 *B. Monroe*, 358;) *Penobscot and Kenebec R. R. Co.* v. *Dean*, (39 *Maine R.* 587;) *Oldtown and Lumber R. R. Co.* v. *Veasie*, (*Id.* 571;) *Penobscot R. R. Co.* v. *Denman*, (40 *id.* 172;) *McMillan* v. *Maysville and Lexington R. R. Co.*, (15 *B. Monroe*, 218;) *Wilmington and Raleigh R. R. Co.* v. *Robison*, (5 *Iredell*, 391;) *North Missouri R. R. Co.* v. *Winkler*, (29 *Missouri R.* 318;) *A. and N. L. Railway Co.* v. *Smith*, (15 *Ohio R.* 328;) *Vickburgh, &c. R. R. Co.* v. *McKean*, (12 *La. Annual Rep.* 938;) *Conn. and Pass. R. R. Co.* v. *Baxter*, (32 *Vt. R.* 805.) But I have not time now to thoroughly examine these authorities; nor is it necessary I should do so, in consequence of the view I have taken of another question in the case which I shall presently consider. For the same reason it is unnecessary to determine whether the complaint is duly verified.

If the condition annexed to the consent of the tax payers of Lebanon rendered the same invalid (a question we do not decide,) I am of the opinion it was made valid by

The People *v.* Clark.

chapter 61 of the Laws of 1868. (*Laws of* 1868, *vol.* 1, *p.* 90.) It is conceded by the plaintiffs' counsel that the legislature had the power to pass an act to cure any errors there were in the proceedings for bonding the town of Lebanon. But the plaintiffs' counsel insists that the language of the act of 1868, (*supra*,) is not broad enough or sufficiently specific to make the conditional consent of the tax payers of Lebanon, to the bonding of that town, valid and as effectual as it would have been if no condition had been annexed to such consent.

If the condition was unauthorized, it was an error or irregularity to annex it to the consent of the tax payers; and as a sufficient number of the tax payers of Lebanon signed the consent to authorize the bonding of that town, the act of 1868 (*supra*) cured such error or irregularity; for it declares in substance (§ 1) that such consent shall be valid and effectual for all purposes for which it was authorized to be given, and shall not be invalidated, avoided or in any manner affected by certain specified matters, "or for any other error, irregularity, omission or defect." I do not doubt that this language is sufficient to cover and cure the alleged error of annexing the condition to the consent of the tax payers of Lebanon to the bonding of such town.

If it was improper to annex such a condition to the consent of the tax payers, I am unable to see why it was not an error or an irregularity. If it was one or the other it was as perfectly cured as it would have been, provided the legislature had said such consent shall not be invalidated, avoided or in any manner affected by reason of any condition being inserted in or annexed to such consent.

My conclusion, therefore, is that the order denying the defendants' motion to vacate the injunction in the action should be reversed and the injunction order dissolved.

So decided.

For similar reasons the same decision should be made in *The People on the relation of Peck et al.* v. *Gardner Morse and others.*

So decided. ·

[BROOME GENERAL TERM, January 26, 1869. *Balcom, Boardman* and *Parker,* Justices.]