RICHARD M. PHILLIPS v. THE BOARD OF COMMISSIONERS OF JEFFERSON COUNTY.

*Error from Jefferson County.*

Money was paid to the county treasurer to redeem tax sale certificates of lands sold for taxes, which were Indian lands and not liable to assessment and taxation, and at the time said money was so paid the owner of the land denied the legality of the tax on the ground that the lands were not taxable, and paid the money to prevent tax deeds, which were then due from being made for said lands. *Held:* that such payment was voluntary and could not be recovered back.

The facts of the case, sufficient for an understanding of the points decided, appear in the opinion of the court.

*McArthur* and *J. M. Dews & W. P. Wade,* for plaintiff in error.

*H. Keeler, county attorney,* for defendants in error.

*McArthur, for plaintiff,* insisted upon the following points:

1. The lands not being taxable, the sale and certifi-

cates were void, and there was no lien on the land for taxes. The money paid by plaintiff below, therefore, was paid for the release of a claim that had no existence, and paid without consideration. It should, therefore, be refunded. 8 *N. Y.*, 331; 26 *Barb.*, 423; 4 *Pick.*, 361, 364; 7 *Gray* [*Mass.*,] 277; 7 *Pick.*, 26, 27; 12 *N. Y.*, 52, 61, 99, 107, 113; 12 *id.*, 52, 61; 5 *Pick.*, 498; 21 *Pick.*, 64; 17 *Mass.*, 461.

2. The county treasurer is the proper officer to receive moneys paid to redeem lands sold for taxes, and when such moneys are wrongfully received, the person paying the same is not required to pursue the money to other hands. 12 *N. Y.*, 52, 61; 5 *Pick.*, 498; 21 *id.*, 64; 17 *Mass.*, 461; 4 *Pick.*, 361, 364; 26 *Barb.*, 423.

3. The plaintiff paid the money to prevent a cloud upon his title by tax deed. Such payment was compulsory. 4 *John.*, 240; 9 *id.*, 201, 375; 15 *Wend.*, 321; 1 *id.*, 360–1; 4 *Pick.*, 361–4; 7 *id.*, 26–7; 12 *N. Y.*, 99, 107–113; 7 *Gray*, 277; 3 *John. Cas.*, 238; 26 *Wend.*, 130; 18 *id.*, 586; *Comp. L.*, 870, §§ 56–7.

4. A tax deed, void, may ripen into a perfect title and is a cloud. 2 *Black*, 599, 606, *Comp. L.*, 870.

5. Money paid to a public officer, with full knowledge of the facts, is not a gift, but can be recovered back. 18 *Wend.*, 586; 26 *Barb.*, 426; 4 *Pick.*, 361–4; 5 *id.*, 498; 21 *id.*, 64.

6. So can moneys paid on a void contract, [4 *N. Y.*, 249;] and moneys paid to a municipality or a void tax and assessment. 26 *Barb.*, 423; 4 *Pick.*, 361–4; 5 *id.*, 498; 21 *id.*, 64.

7. Money paid to prevent an injury to one's property can be recovered. 2 *Strange*, 914; 3 *Doug.*, 695; 4 *John.*, 240, 7 *Greenl.*, 134; 9 *John.*, 201, 370; 12 *N. Y.*, 99; 4 *Pick.*, 361; 3 *John. Cas.*, 238.

8. No notice to the treasurer was required. 18 *John.*, 485; 9 *id.*, 201; 4 *Cow.*, 454.

*H. Keeler, for defendant,* submitted :

1. The county of Jefferson did not at the time of plaintiff's payment and redemption, have any interest in the certificates, nor receive any part of the money paid by plaintiff. *Comp. L.*, 1862, 867, § 44; *id.*, 869, §§ 50, 53; *id.*, 876, § 8; *Stat.*, '66, 277, § 74; *id.*, 279, § 81.

2. The money paid by plaintiff was received by the county treasurer in trust for the assignees of the sale certificates, and not of Jefferson county. 2 *Kan.*, 61.

3. Neither section sixty-nine, [*Comp. L.*, 873,] nor any statute or rule of law of the same nature could aid the plaintiff herein, because he did not pay the taxes. *Comp. L.*, 886, § 40; *id.*, 967, § 44; *id.*, 869, § 50; *Stat.*, '66, 277, § 74.

The amount paid by plaintiff, for which he asks judgment, includes the profit made by the assignees of the sale certificates; and such a judgment would not be for a re-payment of void or illegal taxes, but would be a judgment against the county for damages sustained by plaintiff.

Section sixty-nine [*Comp. L.*, 873] was repealed prior to plaintiff's payment, by statutes of 1866 [291, § 117] and no equivalent made since.

4. Even had the plaintiff a right to recover anything, he offered no evidence from which the amount could be ascertained. He does not show the amount received by the different corporations, nor any nor all of them.

5. As the county parted with all its title and lien by reason of the taxes at the time when the tax certificates were assigned, it could no more be made liable for money paid after that time to extinguish the sale certificates,

than for money paid to extinguish tax deeds, had they been issued thereon; and if it could be held liable, in either case the action would have been for damages and not for refunding or re-payment.

6. The plaintiff cannot recover his money from any source, because he paid it voluntarily and without protest. *Mays v. City of Cincinnati*, 1 *O. St.*, 268.

The fact that tax deeds were liable to issue at any time did not make the payment a compulsory one, because plaintiff's remedy to remove the lien of the alleged illegal taxes would not thereby be cut off or lessened.

7. The holders of the sale certificates were the only parties who could recover from the county thereon, and they could only recover the amount they paid to the county treasurer therefor, with the interest allowed by statute.

To hold the county liable for the plaintiff's claim herein, would be to compel counties to assume liabilities for damages sustained by land owners in redeeming and buying in void sale certificates and tax deeds.

*By the Court*, KINGMAN, C. J.

On the 6th day of November, 1866, the plaintiff in error paid to the county treasurer of Jefferson county three hundred and twenty-seven dollars and eighty-one cents to redeem certain lands then owned by him, which had been sold for taxes on the 4th day of January, 1862, for the taxes of 1860. The lands had been struck off to the county and the tax sale. certificates had previously been assigned to Allen and Keeler, who then held them. The above amount was made up by the amount of the sales and the costs and penalties and the subsequent

taxes charged up against the same for the years 1861 and 1862. There were three several tracts of land and as many tax sale certificates.

The plaintiff at the time he paid said money denied that the taxes imposed were legal; and said that he paid the money to prevent tax deeds from issuing on said certificates, said deeds being then due. The court below tried the case without the intervention of a jury, and made special findings of fact and conclusions of law. Those of importance, besides those above stated, being substantially as follows:

1. That said lands were Indian lands and not subject to taxation for the years 1860, 1861 and 1862, and that the assessments thereon were illegal and void.

2. That the plaintiff paid said money in redemption of said lands, denying at the time that said taxes were legal, and paid said redemption money to prevent tax deeds from issuing on said tax certificates, such tax deeds being then due.

3. That the said county treasurer received said money from said plaintiff, for the use and benefit of Allen and Keeler, the assignees of said tax certificates, and not for the use and benefit of Jefferson county.

4. That the plaintiff is not entitled to recover in this action.

These last two are excepted to, and raise all the points necessary for consideration in the final determination of this case. Nor, need we decide whether the conclusion, numbered three (3), is correct or not; for we are satisfied that, whether the county treasurer received the money for the use of Allen and Keeler, or for the county, that the last conclusion of law is correct.

RECOVERY OF Moneys voluntarily paid. "The payment was purely voluntary. The land was not taxable. A tax deed would have

been void and no title would have passed by it." MILLER, J., in Swope v. Perdy, [*U. S. Cir. Ct.*] The money was not paid on compulsion or extorted as a condition. A tax deed had been due for nearly two years. Had the plaintiff desired to litigate the question, he could have done so without paying the money; even had a deed been made out on the tax certificate, it would have been set aside by appropriate proceedings, if the facts were as found by the court, and which must be received as facts in this case. There was no legal ground for apprehending any danger on the part of the plaintiff. He could have litigated the case as well before as after payment. Neither his person nor property was menaced by legal process.

Regarding, then, the payment as purely voluntary, it is as certain as any principle of law can be, that it could not be recovered back. There is no pretense of fraud. There was no coercion, either by direct process or by the condition of his property. See this doctrine fully and ably discussed, and the authorities collated and commented upon in 1 Ohio State R., 274, where the judge, delivering the opinion, says: "We will not say that no case can be found that would warrant the plaintiff's recovery; but we can say, that if any such exists, we have been unable to find it." We can with safety say the same thing with regard to this case. Section sixty, chapter one hundred and ninety-seven, Compiled Laws, pointed out a ready and cheap method by which the plaintiff could have relieved his lands from any supposed lien that was created by the sale thereof for taxes.

It was a means of accomplishing his object that did not, in any way, complicate the county with the holders of the sale certificates. It could have been resorted to at once, and most clearly defined the rights and duties of

the plaintiff, the county officers, and the holders of the tax sale certificates. But he has chosen to pay the money to the county treasurer, and thus raise delicate if not difficult questions of law between the county and Allen and Keeler, and give rise to further litigation, perhaps, between those parties. It may be presumed that the holders of the tax sale certificates, at once exercising a vigilance peculiar to the class of men who speculate in tax titles, got hold of the money that was paid over for their benefit, and have surrendered their certificates.

If the county has to refund in this case, their only recourse is upon the holders of the certificates, with all the uncertainties of the law, and the additional risk as to the responsibility of the holders of the certificates, should the county even get judgment. All this would have been avoided by the plaintiff making his contest before he paid the redemption money, and affords another illustration of the propriety of the rule of law, that if in such case the party would resist an unjust demand, he must do so at the threshold. The parties treat with each other on equal terms; and, if litigation is intended by the party of whom the money is demanded, it should precede payment. [*Boston and Sandwich Glass Co. v. The City of Boston*, 4 *Metc.*, 181.] Holding the payment as a purely voluntary one, it cannot be recovered back. The judgment is affirmed.

All the justices concurring.