JAMES C. POMEROY v. THE BOARD OF COUNTY COMMISSIONERS OF GRAHAM COUNTY et al.

**No. 136.**

1. TAXATION—*owner attempting to purchase at tax sale is redemptioner, not purchaser.* The owner of land who attempts to buy the same at tax sale is not a purchaser, but a redemptioner.

2. ———— *and voluntarily paying taxes without fraud or mistake of fact, cannot recover them though levy invalid.* The owner of land, in possession, who without inducement of fraud or mistake of fact pays taxes assessed thereon, voluntarily, cannot recover the same back even though such levy is without authority of law.

Error from Graham District Court. Hon. Chas. W. Smith, Judge. Opinion filed Nov. 5, 1897. *Affirmed.*

The plaintiff in error held a deed to three tracts of land in Graham County, his supposed title coming through one who had entered the land and to whom final certificates, but no patent, had been issued. Afterwards, these final certificates were canceled by the Federal Government and the title in that manner failed. The land was sold for delinquent taxes and bid in by the plaintiff in error, who afterward paid certain taxes thereon. Tax sales of two tracts were had before the cancellation of the original entries, one afterward. The payments of subsequent taxes were had both before and after such cancellation. It is also claimed by plaintiff in error that the levies of certain of these taxes were invalid, having been had after cancellation of the original entries. Plaintiff in

26—6 KAN. APP.

402     POMEROY v. GRAHAM COUNTY.

N. Dept.          Opinion.   Mahan, P. J.          6 Kan. App.

error demanded the repayment of taxes paid by him, of the Board of County Commissioners of Graham County, which was refused. He also duly demanded tax deeds, which were also refused. He then began this action in the District Court of Graham County, to compel the refunding of the taxes paid. It was heard upon an agreed statement of facts, and judgment rendered against the plaintiff for costs. From this judgment he brings error.

It was argued on behalf of the defense that, the payments being voluntary, no recovery could be had except under paragraph 6999, General Statutes of 1889, and that the statutory requirements had not been complied with. Also, that a purchaser at tax sale bought under the maxim, *caveat emptor*, and that the County could not be held responsible for a failure of title.

*H. M. Baldwin*, for plaintiff in error.

*Geo. W. Jones*, County Attorney, for defendant in error.

MAHAN, P. J. Under the facts as agreed to by the parties and upon which the court decided the case, the judgment must be affirmed.

The plaintiff does not occupy the relation of a purchaser at tax sale, but a redemptioner.

The payment of the tax was voluntary. There does not appear to have been any fraud or mistake of facts which induced the payment. Under the decisions of our courts, the judgment is correct. *Phillips v. Jefferson Co. Comm'rs*, 5 Kan. 412; *Wabaunsee Co. v. Walker*, 8 id. 431; *Railway Co. v. Wyandotte Co.*, 16 id. 587; *Comm'rs of Dickinson Co. v. Land Co.*, 23 id. 196; *Lamborn v. County Commissioners*, 97 U. S. 181.

Judgment affirmed.