THE TOWN OF VIRDEN *et al.*

*v.*

THOMAS B. NEEDLES *et al.*

*Filed at Springfield March 21, 1881.*

</div>

1. CHANCERY—*personal decree not proper as to persons not served with process.* Where the bonds and coupons of a municipal corporation issued to a railway company are not under the control of the court, nor their holders personally within the jurisdiction of the court, no decree can be entered to enforce the surrender or cancellation of such bonds and coupons, on bill filed to enjoin the collection of taxes levied for their payment, and to enjoin the payment over of taxes already collected. Notice by publication, to the unknown holders of such bonds and coupons, will only enable the court to give effect to the proceeding so far as it is *in rem.* It will not authorize a personal decree against such holders.

2. Where persons who are necessary parties refuse to appear, and the court has no power to reach them by its process and compel them to appear, the bill must be dismissed as to them.

3. SAME—*decree must have a basis in the pleadings.* On bill filed to enjoin the collection of taxes levied for the payment of municipal bonds and coupons thereto attached, and prevent the treasurer from applying taxes, already collected, to the payment of such bonds and coupons, no decree can be rendered directing the paying over of the taxes collected to the municipal authorities where the bill contains no such prayer, or where there is no allegation that there is any definite amount of such money in the hands of the treasurer.

4. TAXES—*right to have taxes illegally collected paid over to any one other than tax-payers.* One of several tax-payers who have paid an illegal tax, which is no revenue, has no right to a decree compelling the treasurer holding such

tax money collected by him to pay the same over to the corporate authorities levying the same, or for whose indebtedness it was levied. If the tax is without authority of law, it is no revenue, but belongs to the several persons paying the same, and it can not be taken from them and donated without their consent to the corporate authorities of the town in which it was collected.

APPEAL from the Circuit Court of Sangamon county; the Hon. CHARLES S. ZANE, Judge, presiding.

Bill in equity was filed by the town of Virden, in Macoupin county, George Tuttle, William H. Burch, Peter Mayer, John J. Wilkins, John J. Cox and Guy M. Chedister, voters and tax-payers of said town, against the Auditor of Public Accounts and Treasurer of the State of Illinois, the county clerk and county treasurer of Macoupin county, the town collector of the town of Virden, the Jacksonville, Northwestern and Southeastern Railway Co., and the unknown holders of the bonds and coupons of the town of Virden issued to the Jacksonville, Northwestern and Southeastern Railway Co., to enjoin the payment of any money in the hands of the treasurers, State and county, on account of certain bonds and annexed coupons which were issued and delivered to the Jacksonville, Northwestern and Southeastern Railway Co., and from certifying and extending taxes upon the taxable property within the town of Virden for the payment of such bonds and coupons,—and that said bonds may be declared void, etc.

The court decreed enjoining the payment by the respective treasurers of any money in their hands upon such bonds or coupons, and also the certifying and extending of taxes upon the taxable property within the town of Virden for that purpose, but dismissed the bill without prejudice as to the unknown bondholders, upon the ground that the court had no jurisdiction as against them.

The complainants bring the record here by appeal, and assign for error that the court below erred, first, in dismissing the bill as to the unknown bondholders; second, in

refusing to decree the payment of the money in the hands of the State and county treasurers, collected and credited to the town of Virden on account of the taxes levied for the payment of the bonds and annexed coupons issued to the Jacksonville, Northwestern and Southeastern Railway Co., over to the corporate authorities of the town of Virden.

Messrs. HENRY & COOK, for the appellants:

Two questions are presented by the assignment of errors:

*First*—As to whether the court erred in dismissing the bill as to the unknown owners and holders of bonds and coupons in the bill mentioned.

The practice of proceeding against unknown owners, etc., is regulated by section seven of the chancery practice. R. L. 1880, p. 188. The proceedings in this case to bring the unknown owners before the court are in conformity with this section of the statute.

The court had jurisdiction of the subject matter,—that is, the levy and collection of a tax with which to pay the bonds and coupons in controversy. The authority of the State and county officers to levy and collect the tax is questioned by the bill. To this controversy the State and county officers were necessary parties. *Smith* v. *Bangs et al.* 15 Ill. 400, and authorities there cited.

The unknown bondholders, if not necessary, were proper parties defendant. *Ryan* v. *Lynch et al.* 68 Ill. 160; *Marshall* v. *Silliman et al.* 61 id. 218; Story's Eq. Pl. § 117.

In such case the only means of bringing the unknown bondholders into court is by publication. See section 19, R. L. p. 189.

*Second*—The refusal of the court to decree the payment of the money in the hands of the State and county treasurers collected off the tax-payers of the town, for the purpose of paying the illegal tax, over to the corporate authorities of the town.

The court having acquired jurisdiction for the purpose of adjudging the tax to be illegal, and for the purpose of declaring the bonds void, will proceed, under the exercise of such jurisdiction, to grant full and adequate relief, especially where it can be done without injury or prejudice to any of the parties, and by the doing of which a multiplicity of suits can be avoided. The rule is firmly established, that a complainant, having paid money for shares in a concern which never came into existence, or in furtherance of a scheme which was abandoned before it was carried into execution, or having paid money on a consideration which has failed, is entitled to recover it back. *Nockles* v. *Crosby et al.* 3 Barn. & Cress. 814; *Kempson* v. *Sanders,* 13 Eng. C. L. 321; *Walstab* v. *Spottswoode,* 15 Meeson & Welsby, 515; *Bradford* v. *City of Chicago,* 25 Ill. 423; *Colville* v. *Besley,* 2 Denio, 142; *Rew* v. *Barber,* 3 Cowen, 280.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

The questions presented by the assignment of errors do not affect the decree enjoining the collection of the tax and the payment of the taxes collected on account of the bonds and annexed coupons issued to the Jacksonville, Northwestern and Southeastern Railway Co., and our remarks will be limited, strictly, to the errors assigned.

*First.*—The bondholders were not *personally* before the court, and no *personal* decree could, therefore, be rendered against them. The notice by publication only enabled the court to give effect to the proceeding so far as it was one *in rem. Harris et al.* v. *Pullman et al.* 84 Ill. 20; Cooley's Const. Lim. (1st ed.) 404.

The court did not have the bonds and coupons under its control, and so it was impossible to make any decree enforcing their surrender or cancellation. What decree, then, other than that which was rendered, could the court have

rendered giving complainants relief? We are unable to perceive any. Had the bonds and coupons been under the control of the court, or their holders been *personally* within its jurisdiction, their cancellation might have been decreed and enforced; but without having the bonds and coupons under its control, or their holders *personally* within its jurisdiction, this was impossible.

So far as the taxes, collected and uncollected, are concerned, the decree gives the complainants all that the protection of their interests requires.

The rule is, when persons who are necessary parties refuse to appear, and the court has no power to reach them by its process and compel them to appear, the bill must be dismissed without prejudice. *Picquet* v. *Swan,* 5 Mason C. C. 561. The action of the court in dismissing as to the unknown bondholders appears, therefore, to be in strict conformity with the approved rules of practice.

*Second.*—There are several answers to the other assignment of error. There is no prayer in the bill that a decree be rendered directing the paying over of the money collected for the payment of the bonds and coupons in question to the corporate authorities of the town of Virden. There is no allegation that there is any definite amount of such money in the hands of the respective treasurers,—the allegations in that regard being, " that some portions of the money arising from the collection of said illegal tax, from the tax-payers aforesaid, are now in the possession of the county treasurer of the county of Macoupin, aforesaid, and the State treasurer of the State of Illinois." For aught that appears those portions may be too insignificant in amount to justify the trouble of making such a decree.

But, waiving these objections, this dilemma is presented: The money thus in the hands of the respective treasurers is either there by authority of law, or it is there without authority of law. If it is there by authority of law, it is as revenue for the payment of the bonds and coupons issued to

the Jacksonville, Northwestern and Southeastern Railway Company, and there can be no lawful right to devote it to any other purpose. If it is there without authority of law, it is not revenue at all, but belongs to the several tax-payers by whom it was paid. There are but five tax-payers parties to this suit. They have no right to a decree in regard to that which belongs to their neighbors, and if they want to donate money which belongs to themselves to the corporate authorities of the town of Virden, they can do so without a decree. People can not be compelled to give money or property away by decree of court. Donations depend, for their validity, upon the free and voluntary act of the donors.

In our opinion neither of the errors is well assigned.

The decree below is, in this respect, affirmed.

*Decree affirmed.*