## THE CITY OF WAVERLY

*v.*

### THE AUDITOR OF PUBLIC ACCOUNTS *et al.*

*Filed at Springfield September 30, 1881.*

1, DECREE—*can not affect parties and interests not before the court.* On bill by a municipal corporation to have its bonds and the coupons thereto attached declared illegal and void, when neither the bonds nor the owners are within the jurisdiction of the court, no decree can be rendered that will affect such bonds or their owners.

2. TAXES—*who may enjoin their collection.* A municipal corporation can not maintain a bill to restrain the collection of a tax levied on property within its limits to pay bonds of the corporation, though they are illegal. Only tax-payers can complain of such tax.

APPEAL from the Circuit Court of Sangamon county; the Hon. CHARLES S. ZANE, Judge, presiding.

Messrs. HENRY, COOK & LORD, for the appellant.

Messrs. MORRISON, WHITLOCK & LIPPINCOTT, for the appellees.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

The bill in this case was brought by the city of Waverly and Henry M. Miller, and other resident tax-payers of the city, who sue on their own behalf and on behalf of all tax-payers of the city who may be willing to join in maintaining the bill, and against State and county officers named, the Jacksonville, Northwestern and Southeastern Railroad Company, and the unknown owners of bonds and coupons issued by the city of Waverly to the defendant railroad company in payment of stock in such company. It is represented in the bill, the bonds issued by the town of Waverly to the railroad company were issued without any authority of law, and for that reason are null and void; that such bonds were duly

registered in the office of the Auditor of Public Accounts, under the provisions of the act of 1869; that such Auditor has annually certified a tax under that law to the county clerk of Morgan county; that such clerk has extended such tax on the tax books, and that the sheriff of the county has been collecting such tax for the payment of such illegal bonds and coupons off the tax-payers of the town, and the charge is, such officers threaten and intend to continue to levy and collect such illegal tax off the tax-payers of the town, from year to year, until such illegal bonds and coupons are fully paid. The prayer of the bill is, that the bonds and coupons be declared void, and the collection of the taxes levied for their payment be perpetually enjoined. A demurrer was interposed to the bill, which was by the court sustained and the bill dismissed. From that decree the city of Waverly, one of complainants, prayed an appeal to this court, which was granted, and as the appeal was asked for by a municipal corporation, it was allowed by the court, under the statute, without bond. None of the other complainants joined in the appeal, nor does it appear they have sued out any writ of error. It is only the appeal of the city of Waverly that is now to be heard in this court.

It seems clear, that in no event could any relief be decreed in favor of the city of Waverly. Neither the bonds of the municipality nor the owners are within the jurisdiction of the court, and no decree that would affect either the bonds or the owners could be rendered on the present bill. *Town of Virden* v. *Needles,* 98 Ill. 366; *Welch* v. *Post,* 99 id. 471.

As respects the propriety of enjoining the collection of the taxes levied on the property situated within the corporate limits of the municipality for the payment of the bonds alleged to be illegal, and the interest thereon, that is a question in which the corporation has no possible interest. The city has no property subject to taxation, and whether the taxes levied upon citizens shall be collected or not is a

matter of their own concern.   It is not understood a muni-
cipal corporation may interfere to restrain, by bill filed for
that purpose, the collection of a tax levied on property within
its corporate limits.   Only tax-payers, of which the corpo-
ration is not one, are interested, and only such parties may
complain.

No matter what view might be taken of the case as made
by the bill, it is plain the decree as to the city of Waverly,
which is the only party prosecuting or that can be heard
on this appeal, must be affirmed, which is done.

*Decree affirmed.*