Neuman vs. The State.

NEUMAN, Plaintiff in error, vs. THE STATE, Defendant in error.

*February 5 — February 25, 1890.*

*(1) Excise laws: Sales of liquor without license: Pleading. (2, 3) Revocation of license: Certiorari: Stay of proceedings: Appeal: Undertaking.*

1. A complaint alleging that the defendant sold intoxicating liquors " without first having obtained a license therefor," and that he "had no license authorizing such sale," is *held* sufficient, after conviction, under sec. 1550, R. S., as amended by sec. 4, ch. 296, Laws of 1885, although it does not allege that he had no "permit" to sell.

2. The pendency of proceedings on *certiorari* to review the revocation by a village board of a license to sell liquor, does not operate as a bar to a prosecution for sales made during that time, which would have been justified by the license had it not been revoked.

3. Nor does an appeal from a judgment in such proceedings affirming the order of the village board and quashing the writ, operate as such bar, when only the undertaking required by sec. 3052, R. S., is given.

ERROR to the Circuit Court for *Grant* County.

The following statement of the case was prepared by Mr. Justice CASSODAY:

It appears in the record, and is undisputed, that May 9, 1888, the plaintiff in error, *Frank Neuman*, obtained a license from the village board of Bloomington to keep a saloon therein for the sale, in quantities of less than one gallon, of intoxicating liquors to be drank on the premises, to remain in force until the first Tuesday in May, 1889. July 9, 1888, upon a complaint made in writing under oath by a resident of said village, proceedings were instituted under secs. 1558, 1559, R. S., before said board, for the revocation of said license; and such proceedings were had therein that on July 16, 1888, the said village board found said *Neuman* guilty of permitting gambling in his saloon,

or in a room adjoining the same and operated and controlled by him, contrary to the statute in such case made and provided, on May 11, 1888; also of keeping his saloon open on June 3, 1888,— the same being Sunday,— contrary to an ordinance of said village; also of keeping his saloon open after 10 o'clock in the evenings of June 11 and 13, 1888, contrary to an ordinance of said village; and thereupon the said village board revoked said license, and an order to that effect was made and signed by all the trustees of the village, and a certified copy thereof was served on *Neuman*, July 17, 1888.

Thereupon *Neuman* applied, upon petition, to the circuit court for a writ of *certiorari*, and the same was issued July 19, 1888, by the judge of said court, and served on said board, July 20, 1888. Said writ contained an order in effect staying all proceedings under said revocation, and suspending the operations thereof until the hearing and determination of said writ. Upon due notice, application, and hearing the said circuit judge, by order at chambers, August 6, 1888, vacated and superseded said order so staying proceedings and suspending the operation of said revocation. August 27, 1888, the said board made return to said writ. Upon the hearing of said *certiorari*, November 23, 1888, the said circuit court found and adjudged that the order of said village board, revoking said license, was valid, and affirmed the same, and quashed said writ of *certiorari*. November 28, 1888, the said *Neuman* appealed from that judgment to this court, and said appeal is still pending herein.

February 7, 1889, the said *Neuman* was arrested and brought before a justice of the peace in said village on a complaint and warrant charging that he did on November 17, 1888, "unlawfully vend, sell, deal, and traffic in, and, for the purpose of evading the laws of this state, give away, certain spirituous, malt, ardent, and intoxicating liquors and

drinks, to divers persons, without first having obtained a license therefor according to the laws of this state; and that at said time said *Frank Neuman* had no license authorizing such sale or traffic,— against the peace and dignity of the state of Wisconsin." Said complaint contains seven separate additional counts, each charging the same offense as having been committed by said *Neuman* on December 27, 1888, and on January 4, 7, 10, 12, 19, and 26, 1889, respectively, in substantially the same language, except that four of said counts state the names of the person or persons to whom such sales were made, and two of them state that the names of the persons to whom such sales were made were unknown to the complainant. *Neuman* pleaded not guilty. On the trial before the justice the said *Neuman* was convicted February 14, 1889, and thereupon he appealed from the judgment on such conviction to the circuit court of Grant county. Said cause came on for trial in said circuit court, March 8, 1889, whereupon the defendant waived a jury, and the cause was tried by and before said circuit court upon the stipulation made therein by the attorneys for the respective parties, and the evidence, papers, and records therein referred to, which stipulation is as follows, omitting signatures:

" It is hereby stipulated and agreed that the facts in the above-entitled action are as shown by the record of the proceedings in the case of *Ex rel. Frank Neuman vs. The Village Board of the Village of Bloomington,* for reviewing the proceedings of said board as to the revocation of a certain license of the defendant to sell intoxicating liquors in said village, upon *certiorari,* and appeal by said defendant to the supreme court of Wisconsin; and that this said defendant, *Frank Neuman,* sold intoxicating liquors as found by the court below upon the trial of this action in justice's court; and that said saloon was closed on the 17th day of July, 1888, and remained closed till the writ of *certiorari*

Neuman vs. The State.

was served, July 20, 1888; and that all the said records and proceedings and papers in said action, and the judgments, orders, and proceedings in the circuit court and in appeal, and the record certified up by the justice, may all be considered in evidence. The real object of this appeal and stipulation is to have the court determine whether the said *Neuman* is justified, under the circumstances, in selling liquor or not, without bringing up more witnesses, and this case shall be tried upon this stipulation and said records and proceedings."

Upon said trial the said circuit court found the said *Neuman* guilty beyond a reasonable doubt of the offense of selling intoxicating liquors and drinks in said village without first having obtained a license therefor, as charged in said complaint; and it was thereupon ordered, adjudged, and determined by said circuit court that said *Neuman* pay a fine of $50 and costs, and in default of payment thereof be committed to jail until the same should be paid or until he be discharged by due course of law; such imprisonment, however, being limited to one day. To review that judgment said *Neuman* has sued out this writ of error.

*A. R. Bushnell*, of counsel, for the plaintiff in error.

For the defendant in error there was a brief by the *Attorney General* and *L. K. Luse*, Assistant Attorney General, and oral argument by the *Attorney General*.

CASSODAY, J. It is claimed that the complaint, the substance of which is set forth in the foregoing statement, is insufficient in not alleging that, at the several times of selling such liquors, *Neuman* had no " permit " to sell, as well as alleging that he had no " license " therefor. This contention is based upon the theory that the burden of alleging and proving, at least by presumptive evidence, that such sales were without any " license " or " permit " therefor, was upon the prosecution, under the repeated decisions

of this court. *Mehan v. State*, 7 Wis. 670; *Hepler v. State*, 58 Wis. 46. There is not much difference between the word "license" and "permit." A "license," as used in sec. 1548, R. S., as amended by sec. 10, ch. 322, Laws of 1882, and sec. 1, ch. 296, Laws of 1885, is certainly a *permit*, and a "permit," as used in sec. 1548*a*, S. & B. Ann. Stats. (sec. 2, ch. 296, Laws of 1885, and ch. 404, Laws of 1887) is certainly a *license* to pharmacists.[1] The word "permit" was manifestly thus used, merely to indicate such license to pharmacists, as distinguished from the other classes of licenses mentioned; and both words were evidently so used in sec. 1550, S. & B. Ann. Stats. (sec. 4, ch. 296, Laws of 1885). The complaint not only charges that *Neuman* made the sale "without first having obtained a license therefor," but also that he "had no license authorizing such sale or traffic." Besides, it is very apparent, from the stipulation in the case, which must be regarded as a verity, that *Neuman's* defense, on the trial of this action in the circuit court, was based entirely upon the protection afforded by the license which the village board revoked, pending the *certiorari* and the appeal from the judgment therein; that *Neuman* sold the liquors in "said saloon," which was closed for the three days named; and that "the real object" of such "appeal and stipulation" was to have the court deter-

---

[1] Sec. 1548, R. S., as amended, provides for the granting of licenses for the sale, in quantities of less than one gallon, of strong, spirituous, malt, ardent, or intoxicating liquors, to be drank on the premises, etc. Sec. 1548*a* provides for the granting to registered pharmacists of permits to sell strong, spirituous, and ardent liquors in quantities less than one gallon, for medical, medicinal, or scientific purposes only, and not to be drank on the premises. Sec. 1550, as amended, provides that "if any person shall vend, sell, deal, or traffic in, or, for the purposes of evading any law of this state, give away, any spirituous, malt, ardent, or intoxicating liquors or drinks, in any quantity whatever, without first having obtained a license or permit therefor, as required by this chapter, he shall be deemed guilty of a misdemeanor," etc. — REP.

mine whether the said *Neuman* was "justified, under the circumstances, in selling liquor or not." We must hold the complaint sufficient, especially after conviction. *Sires v. State*, 73 Wis. 255.

2. It is urged that the evidence in the record is insufficient to sustain the conviction. We think otherwise. As indicated, the stipulation was, in effect, an admission that *Neuman* sold the liquor as charged, and then attempted to justify under the license so revoked by the village board.

3. The more serious question is whether the pendency of the writ of *certiorari*, and the subsequent appeal from the judgment thereon to this court, operated as a bar to the prosecution of *Neuman* for selling during the time which would have been justified by the license had it not been so revoked. The writ, as originally issued, embodied an order staying all proceedings under such revocation, and suspending the operations thereof until otherwise determined. The order so staying proceedings and suspending operations was, upon notice and hearing, vacated and superseded August 6, 1888, by the same authority that granted the writ. Each and all of the offenses charged occurred subsequently to that time. The only undertaking given on the appeal from the judgment affirming the order of the village board and quashing the writ, was the usual undertaking to "pay all costs and damages" by reason thereof, not exceeding $250, as prescribed by sec. 3052, R. S., which is essential "to render an appeal effectual for any purpose." We do not understand that such undertaking operates as a stay in any case. Whether a stay of proceedings might have been secured by the giving of an undertaking as required by sec. 3058 or sec. 3059 or sec. 3060 or any other section of the statutes, it is unnecessary here to inquire, since no such undertaking was given or attempted to be given. It may be questionable whether there is any section applicable, or intended to be applicable, to such a case. Assuming, there-

fore, that the circuit judge had the power, in his discretion, to vacate and supersede the stay which was at first ordered, and it necessarily follows that there was no stay of proceedings or bar to the prosecution at the time of the commission of any of the offenses charged.

The more precise question presented is, therefore, whether the circuit judge possessed the power to so vacate and supersede the stay, or, in other words, whether the mere allowance of the writ operated, *ipso facto*, as a bar to such prosecution as a matter of right, regardless of the orders made by the judge granting the writ in relation thereto. The revocation of the license by the village board, and the service upon *Neuman* of a certified copy of the order of the board to that effect, July 17, 1888, was, in legal effect, an abrogation and extinguishment of the license. Secs. 1558, 1559, R. S.; *Comm. v. Hamer*, 128 Mass. 76; *State v. Schmidtz*, 65 Iowa, 556; *Martin v. State*, 23 Neb. 371. The writ of *certiorari* was granted subsequently to such abrogation and extinguishment, and was a mere command to the village board to return the records adjudging such revocation, and all the proceedings concerning the same, to the circuit court for review. "The purpose of the writ is to have the entire record of the inferior tribunal brought before the superior court, to determine whether the former had jurisdiction, or had exceeded its jurisdiction, or had failed to proceed according to the essential requirements of the law." 3 Am. & Eng. Ency. Law, 61, and cases cited; *State ex rel. Wood Co. v. Dodge Co.* 56 Wis. 79. The effect of the issuing and serving of the writ is not to open or vacate the judgment or action of the inferior tribunal, like an appeal giving a new trial upon the merits, but merely to remove the records thereof to the superior court for inspection, and thus enable such court to determine whether the inferior tribunal had the rightful jurisdiction or the rightful authority to render such judgment or perform such act.

The judgment of the court in the proceeding upon such writ merely determines the validity or invalidity of the record of such inferior tribunal, and either reverses or affirms the same, in whole or in part, accordingly. *Smith v. Bahr*, 62 Wis. 244; *Newton v. Leary*, 64 Wis. 190; *Hyslop v. Finch*, 99 Ill. 171. While this is true, the issuing and serving of the writ nevertheless operates as a stay of all *subsequent* proceedings by the inferior tribunal, except in cases where the execution of its order has already begun. *Gaertner v. Fond du Lac*, 34 Wis. 503; *Hunt v. Lambertville*, 46 N. J. Law, 59; *John v. State*, 1 Ala. 95. And where such inferior tribunal has thus begun, but not completed, the execution of its order before the service of such writ, the court or judge granting the same may undoubtedly, in the exercise of a sound discretion, incorporate therein an order staying any further proceedings, as indicated in *Gaertner v. Fond du Lac, supra*, and *Patchin v. Mayor*, 13 Wend. 664. But in the case at bar the license was, in legal effect, abrogated and extinguished prior to the service of the writ. Assuming that the order staying proceedings, as contained in the writ when first issued, operated as a bar to such prosecution while it continued, still there can be no doubt but what such stay was effectually vacated and superseded by the order of August 6, 1888.

It follows, from what has been said, that neither the pendency of the *certiorari*, nor the appeal from the judgment affirming the order of the village board and quashing the writ, operated as a bar to the prosecution for the several offenses of which *Neuman* was convicted in this action.

*By the Court.*— The judgment of the circuit court is affirmed.