The State ex rel. Burnham vs. Cornwall.

THE STATE EX REL. BURNHAM, Respondent, vs. CORNWALL, Appellant.

*October 29 — November 16, 1897.*

*Equalization of taxes: Mandamus, who entitled to: Demand for perform-ance of public duties: Time for performance.*

1. When the relief sought by *mandamus* is a matter of public right, the people at large are the real party in interest, and any citizen is entitled to such writ to enforce the performance of such public duty.

2. The determination by commissioners for the equalization of taxes provided for by ch. 212, Laws of 1882 (sec. 1077*a*, S. & B. Ann. Stats.), does not in the least affect any town, village, or city as such, but it does immediately and directly affect each citizen and taxpayer in the amount of his taxes, and he is the proper party to bring an action of *mandamus* to compel the county clerk to perform his duties in respect thereto, if, in apportioning the taxes as required by sec. 1076, S. & B. Ann. Stats., he fails to carry into effect the equalization of assessments made by the commissioners in the pre-vious year, and to give credit to a city in the county for an excess of taxes paid by it in that year.

3. No previous demand for the performance of that duty is necessary. Where the law makes no provision for such a demand it stands itself in place of a demand.

4. The statute does not seem to contemplate that a record shall be kept of the proceedings of the commissioners to equalize taxes, except that they shall file a certificate of their determination, and such proceedings will be presumed to have been regular, in the absence of proof to the contrary.

5. The law relating to the equalization of assessments is remedial in its nature, and if the county clerk fails to perform his duties under it at the time appointed thereby, lest the remedy should fail, he may perform it afterward, or if he is out of office it may be per-formed by his successor.

APPEAL from a judgment of the circuit court for Richland county: GEO. CLEMENTSON, Circuit Judge. *Affirmed.*

This is an action of *mandamus* to compel the appellant, as the county clerk of Richland county, to carry into ef-

fect, in the apportionment of the taxes levied in that county for the year 1895, the corrections in the apportionment or equalization of assessments of 1894, between the several towns, villages, and cities of that county, made by commissioners appointed for that purpose, under ch. 212, Laws of 1882 (S. & B. Ann. Stats. sec. 1077a).

The action was begun in January, 1896. The petition is made by one *O. J. Burnham*, who describes himself as being a resident, freeholder, and taxpayer of the city of Richland Center, in Richland county, and as mayor of the city of Richland Center, and allleges that the petition is made in his own behalf, as such taxpayer, and in behalf of the city of Richland Center, and of the taxpayers of that city, and that he is authorized by the city to make the petition. The petition then recites the appointment of the commissioners to review the apportionment of the taxes among the several towns, villages, and cities of the county, and their action, and the filing of their certificate, whereby they determine the relative valuation of the several towns, villages, and cities; that the relative valuation was changed by that determination, in important and material sums and amounts; that the appellant, as county clerk of that county, failed and refused to give effect to the determination of the commissioners, in the apportionment of the taxes and in making the tax roll of the next following year, whereby the taxpayers of the city of Richland Center and the petitioner were required to pay a larger rate of taxes than was properly chargeable to them, according to the determination of the commissioners; and asks that the appellant, as such county clerk, be required, by *mandamus*, to carry into effect, in the apportionment of such taxes, the determination of the commissioners, according to law.

The facts were, in the main, stipulated. The court decided the issue in favor of the relator, and adjudged that a peremptory writ of *mandamus* be issued, according to the

prayer of the petitioner, and that the relator recover nominal damages and his costs. The appeal is from that judgment.

For the appellant there was a brief by *G. L. Miner* and *F. W. Burnham*, attorneys, and *A. L. Sanborn*, of counsel, and oral argument by *Mr. Sanborn* and *Mr. Miner*.

*L. H. Bancroft*, for the respondent.

NEWMAN, J. The appellant assigns for error (1) that the action is not brought by or on behalf of the proper parties; (2) that no demand upon the appellant for performance is shown; (3) that the commissioners lost jurisdiction by an informal adjournment; and (4) that it does not appear that performance is now within the appellant's power.

1. It is the contention of the appellant that all the towns, villages, and cities affected by the determination of the commissioners are necessary parties plaintiff, and should all be joined with the relator, or, at least, that the relator should expressly state that it is made in their behalf. A moment's reflection will convince that this cannot be the true solution of this question; for no town, village, or city is in the least affected by the determination of the commissioners. It does not in the least affect the revenues of the town, nor impose a debt upon it, as a political organization. But it does, immediately and directly, affect each taxpayer in the amount of his tax. The general tax is not a debt against the town, but is a direct charge upon the taxpayer. And the determination of the commissioners but determines the relative proportion of the general tax which shall be charged upon the taxpayers of each town. So, the town not being the real party in interest, the relation should not be in its name nor on its behalf. Any citizen was competent to bring the action; for it is the settled rule in this state, and is in accord with the great weight of American authority, that, where the relief sought is a matter of public right, the people at

large are the real party, and any citizen is entitled to a writ
of *mandamus* to enforce the performance of such public
duty.  It is sufficient if he is a citizen, and, *as such*, inter-
ested in the execution of the law.  Merrill, Mandamus, § 230;
High, Extr. Leg. Rem. (3d ed.), § 431; *State ex rel. Drake v.
Doyle*, 40 Wis. 175; *State ex rel. Lamb v. Cunningham*, 83
Wis. 90–124.  The relator is a citizen and taxpayer of
Richland county, and so is a proper person who may main-
tain the action.

2. Where the duty to be performed is of a public nature
and no duty to demand its performance is devolved upon
any one person, an express demand for its performance is
unnecessary.  The law itself stands in the place of a demand,
and the omission to perform stands in the place of a refusal.
Merrill, Mandamus, § 224; High, Extr. Leg. Rem. §§ 13, 41.

3. There is no evidence in the record in support of this
contention.  The bill of exceptions contains a stipulation
that all the facts alleged in the relation are true.  This will
comprise the due appointment of the commissioners and their
determination as alleged in the relation.  The bill of excep-
tions refers to the report of the commissioners as being an-
nexed.  But it is not annexed and does not appear in the
record.  Perhaps evidence to support the point made could
not, properly, be expected to be found in that document;
for the law provides only that a certificate of the determi-
nation of the commissioners shall be filed by them.  Laws
of 1882, ch. 212, sec. 2 (sec. 1077*b*, S. & B. Ann. Stats.).
This would not naturally or necessarily include a particular
statement of their proceedings previous to arriving at their
determination.  The law does not seem to contemplate that
their proceedings need be conducted by any strict rule of
formality, except in those particulars mentioned in Laws of
1882, ch. 212, sec. 2 (S. & B. Ann. Stats. sec. 1077*b*), or that
a record of their proceedings need be preserved.  No doubt,

their proceedings are supported by presumption of regularity, in the absence of proof to the contrary. *State ex rel. Manitowoc v. Manitowoc Co. Clerk,* 59 Wis. 15.

4. This contention seems to be predicated on the assumption that, the duty not having been performed at the time appointed by law, it cannot be performed afterwards; as if the refusal or neglect of a public officer to perform his duty to the public at the time appointed therefor could frustrate completely the remedial purpose of the statute. The statute provides that, "in the assessment and collection of the taxes for the next following year, each town, village or city in said county shall be credited with an amount equal to the amount that it has or shall have been charged with, on any excess of valuation as determined by said commissioners, and each town, village or city that has or shall have been charged with a less amount of taxes on account of an undervaluation, shall be charged in addition to all other taxes with an amount equal to such deficiency, which amount shall be carried out and collected as other taxes." S. & B. Ann. Stats. sec. 1077a, subd. 3. The scheme of the statute is plain. It is remedial in its nature, and to be liberally construed and fairly enforced to accomplish the purpose of the legislature. It is the duty of the county clerk each year to make the apportionment of all the taxes which are a charge upon the county, among the several towns, villages, and cities of the county, according to the relative valuation determined by the county board of supervisors. S. & B. Ann. Stats. sec. 1076. In making this apportionment in 1895, he was required, under the determination of the commissioners, to credit to the city of Richland Center a considerable sum, which the taxpayers of that city had paid in 1894 in excess of their fair proportion of state and county taxes; so that the taxes chargeable to the city of Richland Center for the year 1895 would be diminished by that sum. The credit was, in form, to be given to the city of Richland

Center instead of to its taxpayers, for convenience of book-keeping. It is all a part of the system for the collection of the public revenues and for the proper distribution of the burden of taxation, fairly, among the taxpayers. Several towns were entitled to like credits. The aggregate of those credits was to be charged to the several towns which had been undervalued, and so had paid less than their fair share of the taxes of 1894. And so the law intended to equalize, fairly, the burden. It is in the nature of compensation. There is nothing in the statute, nor in the nature of the remedy, which seems to indicate that the legislature intended that the remedy provided should entirely fail in case the clerk should neglect or refuse to perform his duty at the time appointed,— nothing which indicates that the time when the credits were directed to be made was deemed to be of the substance of the remedy provided. No doubt, it is better that the duty be performed later than, that the remedy entirely fail. It seems to be within the spirit of the maxim, *ut res magis valeat quam pereat.* The remedy is nearly or quite as effectual if applied later. So, it is considered to be in accord with the legislative intention that the clerk, having failed to perform his duty at the time appointed, shall perform it afterwards, rather than that the remedy provided shall fail. It is still within the appellant's power to perform the duty enjoined by this statute, or, if out of office, the duty is a continuing one, and may be performed by his successor. *State ex rel. Bushnell v. Gates,* 22 Wis. 210; *State ex rel. Sloan v. Warner,* 55 Wis. 271.

*By the Court.*— The judgment of the circuit court is affirmed.