# CASES DETERMINED

# January Term, 1928.

---

STATE EX REL. CITY OF SHEBOYGAN and another, Plaintiffs,
vs. COUNTY BOARD OF SUPERVISORS OF SHEBOYGAN
COUNTY and another, Defendants. [Two appeals.]

*September 17, 1927—January 10, 1928.*

*Certiorari: To set aside tax levied by county for highway purposes:
Who may maintain action: Municipal corporation not party in
interest: Discretion of court: When writ cannot afford relief
sought: Powers of court on certiorari.*

1. A city, being only one of the agencies through which a county
   collected a tax assessed for highway purposes, had no such
   interest in the validity of the tax as to authorize it to maintain
   *certiorari* to set it aside. p. 458.
2. The fact that in the past cities have maintained *certiorari* in
   similar tax matters is not authority for the present case, since
   the question was neither raised nor considered in the prior
   cases. p. 459.
3. By paying a tax under protest, under sec. 74.73, Stats., a tax-
   payer preserves for himself his right to recover any tax ille-
   gally paid and to question the validity of the tax as fully as if
   he had questioned the tax prior to the time of its payment.
   p. 461.
4. No action will lie by a taxpayer in behalf of himself and other
   taxpayers to restrain the levy and collection or to set aside the
   taxes of a municipality generally upon his own and all other
   property therein, but such party, if aggrieved by any error or
   irregularity in the assessment, is left to his appropriate legal
   remedy. p. 461.
5. The writ of *certiorari* is a discretionary writ, which should
   never issue when any judgment that could be entered in the
   action will be futile and of no effect; and although its issuance

generally stays the proceeding which is in question, when execution is in progress at the time, the issuance of the writ does not suspend proceedings unless an order to that effect is made by the court.  p. 462.

6. In *certiorari* to determine the validity of a tax, where the court issuing the writ did not make an order staying the collection of the tax, the supreme court must assume that the local treasurers performed their official duty and collected the tax. p. 462.

7. The whole matter having passed beyond the control of the county board, the tax being in process of collection when the writ was issued, the validity of the tax could not be determined by *certiorari* addressed to the county board and to the county clerk, since the only possible relief that could be granted by issuing the writ would be the reversal of the action of the board in levying the tax, which would be futile and ineffectual.  p. 462.

8. In *certiorari* to determine the validity of the tax, the court had no authority to provide in its judgment that the county treasurer should refund to the individual taxpayer the part of the highway tax paid by him which the court found to be illegal, since the powers of the court in *certiorari* are confined strictly to an affirmance or reversal of the particular official action which is there under review.  p. 463.

ESCHWEILER, J., dissents in part.

APPEAL from a judgment of the circuit court for Sheboygan county: MICHAEL KIRWAN, Circuit Judge.  *Reversed*.

*Certiorari* to the county board and county clerk of Sheboygan county to review the action of the county board in levying a tax for highway purposes.

The writ of *certiorari* was issued upon the petition of the city of *Sheboygan* and *L. E. Larson*.  Judgment was entered declaring that the tax assessed exceeded the amount that might lawfully be raised for highway purposes by the sum of $139,383.54.  The judgment determined that the amount lawfully raised, which was approximately sixty-six per cent. of the tax, might be expended for the improvement and maintenance of highways.  It further determined that the county treasurer should refund to the individual taxpayers, who

demanded such refund, approximately thirty-four per cent. of the highway tax which such individual had paid.

Upon presentation of the merits of this appeal this court requested counsel to file briefs upon the following questions:

"I. Has the city of *Sheboygan* such interest in the validity of the tax here in question as to enable it to maintain *certiorari?*

"II. Under the allegations of the petition, had *L. E. Larson* any right to test the validity of the tax by *certiorari,* or is he confined to the recognized remedies of a taxpayer who has been required to pay the tax which he alleges to be illegal?

"III. The matter having passed beyond the control of the county board—the tax being in the process of collection—when the writ was issued, can the validity of the tax be determined by *certiorari* addressed to the county board and to the county clerk?"

For the plaintiffs there were briefs by *A. Matt Werner,* city attorney, and *Wm. 'B. Collins* of Sheboygan, special counsel, and oral argument by *Mr. Collins.*

*Herman C. Runge,* district attorney of Sheboygan county, and *Charles Voigt* of Sheboygan, special counsel, for the defendants.

The following opinions were filed November 8, 1927:

STEVENS, J.    I. The only interest of the city in this controversy, so far as the same appears from the petition for the writ, is that the "city of *Sheboygan* . . . is and was at the times hereinafter stated a municipal corporation organized and existing under the laws of the state of Wisconsin, and is and was one of the taxing districts in said county of *Sheboygan,* Wisconsin, paying according to the last equalized assessment of the county board 47.61 per cent. of the entire county tax of said county."

The city was only one of the agencies through which the

county collected the tax from the individual taxpayer resident of the city. The city had no such interest in the validity of this tax as to authorize it to maintain an action to set it aside. The tax does not affect the revenues of the city in the least. The city's property is not subject to taxation. But the tax does, immediately and directly, affect each taxpayer to the amount of his tax. The general tax is not a debt against the city, but is a direct charge upon the taxpayer. The city was not the real party in interest. The relation should therefore not have been in its name nor on its behalf. *State ex rel. Burnham v. Cornwall,* 97 Wis. 565, 567, 73 N. W. 63. This is the rule that prevails in other jurisdictions. *Waverly v. Auditor,* 100 Ill. 355, 356; *Mayor v. Alexandria Canal Co.* 12 Pet. (37 U. S.) 91, 96, 9 Lawy. Ed. 1012, 1016; *Trustees v. Thoman,* 51 Ohio St. 285, 296, 37 N. E. 523; *Atchison v. State,* 34 Kan. 379, 389, 8 Pac. 367; *Guilford v. Chenango County,* 13 N. Y. 143, 147.

The relators cannot rely upon the fact that similar actions have been maintained in which the right of the municipality to prosecute such actions was not questioned, because the question now under consideration was neither raised nor considered in those cases. Such decisions are not authority either way upon this question. The right of a municipality to maintain *certiorari* in such tax matters was questioned nearly fifty years ago, but not decided at that time. *State ex rel. Manitowoc v. County Clerk,* 59 Wis. 15, 18, 16 N. W. 617.

The fact that sec. 62.11, sub. (5), of the Statutes gives the common council the power to act for the "welfare of the public" does not authorize the city to expend public funds to conduct litigation which does not affect the municipality directly, where the fruits of the litigation inure to the benefit of the individual taxpayers resident within the city. The members of the common council "are not the guardians and protectors of private and individual interest or property of

the citizen.   They may not intervene by action to protect or redress the individual citizen in respect to wrongs or injury to his person or property.   Their power as well as duty is restricted to the protection and preservation of property possessed by them in their corporate capacity."   *People v. Ingersol,* 58 N. Y. 1, 29.

II. The only allegation with respect to the interest of *Mr. Larson* in the action is that he "is now and was at the dates hereinafter mentioned a taxpayer, freeholder, and resident of said city of *Sheboygan.*"   It will be noted that the petition does not allege that *Mr. Larson* has paid the tax in question,—much less that it was paid upon protest and not voluntarily.

Taxes are the life blood of every governmental unit.   Because no governmental agency can continue to function if it is denied the right to collect taxes, the rule prevails that "an action will not lie by a taxpayer to set aside the taxes of a city or other municipality generally, upon his own and all other property within the municipality."   *Gilkey v. Merrill,* 67 Wis. 459, 461, 30 N. W. 733.

If every taxpayer could challenge the taxes levied by any governmental unit and prevent the collection of such taxes until their validity had been determined in the courts, "it would lie in the power of every taxpayer to arrest all proceedings on the part of the public officers and political bodies in the discharge of their official duties. . . . A pretense more inconsistent with the due execution of public trusts and the performance of official duties could hardly be imagined."   *Pedrick v. Ripon,* 73 Wis. 622, 625, 41 N. W. 705.

The pecuniary injury that could in any event be inflicted upon the individual taxpayer would be trifling as compared with the disturbance of public affairs which would result from allowing every individual taxpayer to force the governmental unit levying the tax to defend its action before the courts upon a common-law writ of *certiorari.*   The mischief

that might result from a rule permitting every taxpayer to make the court, in effect, a sort of upper house to review all matters of municipal taxation, would greatly exceed any injury that might be done to the rights of individual taxpayers.

By paying his tax under protest a taxpayer preserves for himself his right to recover any tax illegally paid and to question the validity of the tax as fully as if he had questioned the tax prior to the time of its payment. The rule is thoroughly established in Wisconsin that no action "will lie by a taxpayer in behalf of himself and other taxpayers to restrain the levy and collection or to set aside the taxes of a municipality generally upon his own and all other property therein, but such party, if aggrieved by any error or irregularity in the assessment, is left to his appropriate legal remedy." *Foster v. Rowe,* 132 Wis. 268, 270, 111 N. W. 688.

The legislature has prescribed the remedy of the taxpayer who is compelled to pay a tax which is claimed by him to be unlawful. Under sec. 74.73 of the Statutes it is the duty of the taxpayer questioning the tax to pay the same under protest and then file a claim for a refund with the municipality to which the tax was paid.

In a consideration of the cases relating to the right of the taxpayer to question the legality of the tax, the distinction must be kept in mind between an action to restrain the collection of a tax or one to set aside an entire tax, and an action to restrain the alleged illegal payment of money after the tax has been collected. An action to restrain the collection of the entire tax may seriously interfere with the performance of governmental functions, while the action to restrain the alleged illegal payment of money after a tax has been collected permits the government to continue to perform its functions while the question of the legality of the tax or of the payment of money raised by tax is being determined in the courts.

We therefore conclude that the petition does not state facts which show that *Mr. Larson* had a right to maintain this action.

III. But if it be assumed that either the city or *Mr. Larson* had the right to maintain this action, or that, by failing to raise that question, the county board and the county clerk could waive the right to question the power of either the city or *Mr. Larson* to maintain this action, there still remains an insuperable objection to the maintenance of this action.

The writ of *certiorari* is a discretionary writ which should never issue when any judgment that could be entered in the action will be futile and of no effect. The tax rolls directing the collection of the highway tax in question are required by statute to be in the hands of the local treasurers on the third Monday of December in each year. The writ in this action was served thirty days after the tax warrants were required to be in the hands of the local treasurers.

The issuance of a writ of *certiorari* generally stays the proceeding which is questioned by the writ. But when execution is in progress when the writ issues, the issuance of the writ does not suspend proceedings then in progress, unless an order to that effect is made by the court issuing the writ. *Neuman v. State,* 76 Wis. 112, 119, 45 N. W. 30; *Gaertner v. Fond du Lac,* 34 Wis. 497, 503. No order was entered by the trial court staying the collection of the tax. The trial court determined that the issuance of the writ did not affect the right of the local treasurers to collect the tax, or relieve them from the obligation of paying the tax so collected to the county treasurer.

We must therefore assume, as did the trial court, that the local treasurers performed their official duty and collected the tax. It is therefore plain that no relief can be granted in this action. The only relief possible to accord on *certiorari,* namely, reversal of the action of the county board in levying the tax, "would be futile and ineffectual, and this court will not allow litigants to invoke its superintending power . . .

when nothing practical can be accomplished thereby." *State ex rel. Winchell v. Circuit Court,* 116 Wis. 253, 255, 93 N. W. 16.

The tax having been paid, the taxpayers who questioned the validity of the tax must resort to their legal remedy to recover the tax, in which proceeding they will have full opportunity to question 'the validity of the particular tax here in question.

The question presented is not whether a court may review actions of county boards or boards of review after they have adjourned, but whether the court ought to issue this discretionary writ to set aside a tax where the tax has been collected and the whole matter has passed beyond the power of the county board to act upon the matter in any way.

Apparently the trial court saw the futility of a judgment which simply declared the tax to be illegal. That court attempted to give force and effect to its judgment by providing that the county treasurer should refund to the individual taxpayer, making claim therefor, the part of the highway tax paid by him which the court found to be illegal. In so doing the court clearly went beyond any power possessed by it in *certiorari,* where the powers of the court are confined strictly to an affirmance or reversal of the particular official action which is there under review.

*By the Court.*—Judgment reversed, and cause remanded with directions to dismiss the writ of *certiorari.*

ESCHWEILER, J. (*dissenting*). With so much of the opinion as declares that the city of *Sheboygan* cannot be a plaintiff here I cannot agree. Under the situation disclosed and discussed in the opinion there seems to be a very substantial interest in the city of *Sheboygan,* through the effect it has upon its own taxes, in the amount and legality of the taxes here in question.

A motion for a rehearing was denied, with $25 costs, on January 10, 1928.