CITY OF INDIANAPOLIS ET AL. *v.* INDIANA STATE
BOARD OF TAX COMMISSIONERS ET AL.

[No. 374S76. Filed April 2, 1974.]

*Harold H. Kohlmeyer, Jr.*, Corporation Counsel, *Robert G. Elrod*, Assistant City Attorney, City-County Legal Division, *Frank E. Spencer*, of Indianapolis, for plaintiffs-appellants.

*Halbert W. Kunz, Kunz & Kunz, Carl J. Meyer, Rhoads, Linder, Meyer & Buehl, G. Pearson Smith, Jr., Lewis Bose, Bose, McKinney & Evans, E. C. Ulen, Jr., Baker & Daniels, Chalmer Schlosser, Jr., Schlosser, White & Schlosser, Ben J. Weaver, Johnson, Weaver & Martz, Warren C. Moberly, Harrison, Moberly, Wallace & Gaston, Lou Rosenberg*, Legal Services Organization, *Theodore L. Sendak*, Attorney General, *Merle B. Rose*, Deputy Attorney General, for defendants appellees.

HUNTER, J.—This action was originally instituted by certain taxpayers in Marion County who sought to challenge the State Tax Board's action in increasing the 1971 budget of the Marion County Department of Public Welfare. Additionally, the plaintiffs sought to restrain the State Tax Board from making any further increases in the 1971 county budgets and from making any increases in the 1970 (payable in 1971) levies and rates of municipal corporations within

Marion County. After the instant action was commenced, the City of Indianapolis was permitted to intervene as an additional party-plaintiff.

On April 21, 1971, the trial court entered judgment against the plaintiffs and in favor of the State Tax Board. On May 24, 1971, the City of Indianapolis *alone* filed a motion to correct errors which was subsequently overruled. From this adverse determination the City of Indianapolis *alone* appealed. The Court of Appeals dismissed the City's appeal as moot. 294 N. E. 2d 136. The Court of Appeals held that because the challenge to the State Tax Board's action was directed specifically to 1970 taxes payable in 1971, taxes which were presumably paid, the cause was no longer justiciable and should be dismissed as moot. We agree with the Court of Appeals that there is no justiciable appeal before us, however, we rest our decision on a more fundamental lack of "justiciability."

We hold that the City of Indianapolis, bringing the instant appeal on behalf of the City-County Council, has no *standing* on these facts to challenge the State Tax Board's action. It is axiomatic to declare that this Court has no power to determine questions of law without the proper complainants before us. But that is, in effect, what we are asked to do in this case. Firmly embedded in Indiana law is the principle that this Court does not function to render advisory opinions:

> "We think these proceedings were instituted under a mistaken apprehension of the proper functions of the judiciary. Courts of justice are established to try questions pertaining to the rights of individuals. An action is the form of a suit given by law for the recovery of that which is one's due, or a legal demand of one's right. Co. Litt. 285. In such actions, if there is found to be a conflict of laws as they relate to the particular case under consideration, whether such conflict arises from constitutional reasons or otherwise, there can be no doubt that, from the very nature of the case, a decision must be rendered according to the laws which are paramount. But Courts will not go out of their proper sphere to determine the constitutionality or uncon-

stitutionality of a law. They will not declare a law unconstitutional or void in the abstract, for that would be interfering with the legislative power which is separate and distinct. It is only from the necessity of the case, when they are compelled to notice such law as bearing upon the rights of the parties to a question legally presented for adjudication, that they will go into an examination of its validity, and then the decision has reference only to that particular question, except so far as it may operate as a precedent, when it may afterwards become necessary to decide similar cases. But unless some individual right, directly affecting the parties litigant, is thus brought in question so that a judicial decision becomes necessary to settle the matters in controversy between them relative thereto, the Courts have no jurisdiction; and it would be a perversion of the purposes for which they were instituted, and an assumption of functions that do not belong to them, to undertake to settle abstract questions of law in whatever shape such questions may be presented. The impropriety of doing so in the present case is manifest from the facts, that the question professed to be litigated, considered with reference either to the point of law attempted to be raised, or the importance of the interests involved, is one of very grave character, and the parties who would be chiefly affected by its decision are not before the Court, and have no opportunity of being heard. Indeed, it is well settled that Courts will not take cognizance of fictitious suits, instituted merely to obtain judicial opinions upon points of law. *Longhead* v. *Bartholomew*, Wright's R. 90.—*Hoover* v. *Hanna*, 3 Blackf. 48.—4 Johns. 434.—Cowp. 37, 729.—1 T. R. 56.—2 *id.* 610. —3 *id.* 697.—1 C. & P. 613." *Brewington* v. *Lowe* (1848), 1 Ind. 21, 23-24.

For the disposition of cases and controversies, the Court requires adverse parties before it. Standing focuses generally upon the question of whether the complaining party is the proper person to invoke the Court's power. However, more fundamentally, standing is a restraint upon this Court's exercise of its jurisdiction in that we cannot proceed where there is no demonstrable injury to the complainant before us. Indeed, absent a "case or controversy," we have no jurisdiction to proceed. *Brewington* v. *Lowe, supra.*

Furthermore, City of Indianapolis, *a non-taxpaying municipal corporation,* cannot successfully allege any injury to a

legally protected interest via the State Tax Board's action. *McFarland* v. *Pierce* (1897), 151 Ind. 546, 45 N. E. 706. Accordingly, the City lacks the requisite standing to appeal here. *Fadell* v. *Kovacik* (1962), 242 Ind. 610, 181 N. E. 2d 228; *Lentz, etc.* v. *Trustee of Indiana University, et al.* (1966), 248 Ind. 45, 221 N. E. 2d 883. Likewise, the City-County Council has no monetary interest in the budgets or levies of other governmental units within Marion County:

". . . The only interest of the city in this controversy so far as the same appears from the petition for the writ, is that the 'city of Sheboygan * * * is and was at the times hereinafter stated a municipal corporation organized and existing under the laws of the state of Wisconsin, and is and was one of the taxing districts in said county of Sheboygan, Wis., paying according to the last equalized assessment of the county board 46.61 per cent. of the entire county tax of said county.'

"The city was only one of the agencies through which the county collected the tax from the individual taxpayer resident of the city. The city had no such interest in the validity of this tax as to authorize it to maintain an action to set it aside. The tax does not affect the revenues of the city in the least. The city's property is not subject to taxation. But the tax does, immediately and directly, affect each taxpayer to the amount of his tax. The general tax is not a debt against the city, but is a direct charge upon the taxpayer. The city was not the real party in interest. The relation should therefore not have been in its name nor on its behalf. State ex rel. Burnham v. Cornwall, 97 Wis. 565, 567, 73 N. W. 63. This is the rule that prevails in other jurisdictions. Waverly v. Auditor, 100, 111, 354, 356; Mayor v. Alexandria Canal Co., 12 Pet. 91, 96, 9 L. Ed. 1012, 1016; Trustees v. Thoman, 51 Ohio St. 285, 296, 37 N. E. 523; Atchison v. State, 34 Kan. 379, 389, 8 P. 367; Guilford v. Supervisors, 13 N. Y. 143, 147." *State ex rel. City of Sheboygan et al.* v. *County Board of Sup'rs. of Sheboygan County et al.* (1927), 194 Wis. 456, 216 N. W. 144, 145.

The question of whether the taxpayers, as original plaintiffs, were proper parties to bring this action is not before us. Therefore, we do not decide it. See, *Graves et al.* v. *City of Muncie, et al.* (1970), 255 Ind. 360, 363, 264 N. E. 2d 607,

609. However, we note in passing that the effect of the Court of Appeals' opinion would be to render wholly futile any future actions against the State Tax Board by aggrieved taxpayers. This is so because every taxpayer challenge to the tax levying process will invariably arrive in the appellate courts after the taxes have "presumably been paid." We accordingly grant transfer of the above cause and hereby dismiss the appeal.

Appeal dismissed.

Arterburn, C.J., DeBruler and Prentice, JJ., concur; Givan, J., dissents with opinion.

## DISSENTING OPINION

GIVAN, J.—I respectfully dissent from the majority opinion in this case. The majority takes the position that the City of Indianapolis, For and On Behalf of Its City-County Council, is not a proper party to this cause of action and thus has no standing to challenge the State Tax Board's action in increasing the 1971 budget of the Marion County Department of Welfare.

The majority opinion to support its position cites the case of *State ex rel. City of Sheboygan et al.* v. *County Board of Sup'rs. of Sheboygan County et al.* (1927), 194 Wis. 456, 216 N. W. 144, 145. However, the *Sheboygan* case is decidedly different than the case at bar. As was pointed out in that case, the City of Sheboygan was only one of the taxing districts in the County of Sheboygan and was paying only 46.61 per cent of the entire county tax of the county. In the case at bar the City of Indianapolis and Marion County are for all practical purposes one and the same thing under a statute reorganizing the city-county government into a unified form of government, popularly known as "Uni-Gov." *Consolidated First Class Cities and Counties Act,* IC 18-4-1-1, BURNS IND. ANN. STAT., 1973 Supp., § 48-9101.

Thus, the County Council is now the City-County Council and functions for the entire metropolitan area.

Under BURNS IND. ANN. STAT., 1964 Repl., § 52-1301,

the county welfare fund is raised by separate tax levy "* * * which shall be levied annually by the county council * * *," and § 52-1302, after first providing that the County Board of Public Welfare shall adopt a budget which, in turn, shall be transmitted to the State Department of Public Welfare, who "* * * shall examine the budget so submitted and the tax levy so recommended for the purpose of ascertaining and determining whether, in the judgment of the State Department the appropriations requested * * * will be adequate and defray the expenses and obligations incurred by the county department * * *." The section further provides that the "* * * tax levy so recommended by the state department shall thereupon *be filed for consideration by the county council.*"

Section 52-1303 provides that "* * * the county council shall * * * levy a tax in an amount necessary to produce the funds so appropriated."

Section 52-1304 provides that the County Board of Public Welfare or the State Board of Public Welfare may appeal to the State Board of Tax Commissioners from any action on the part of the county council in reducing the amount of the budget or the tax levy.

Section 52-1305 makes provision for the county auditor to call the county council into special session for the purpose of making a loan to the County Board of Public Welfare to replenish their funds should they become exhausted before the close of any fiscal year.

It, therefore, becomes quite apparent that the legislature contemplated that the county council would play an integral part in the consideration of the budget and tax levy required for the operation of the County Welfare Department; that any action they might take in reducing such budget or tax levy would be appealable to the State Tax Commissioners, and that they would be charged with the responsibility of supplying funds, even by the making of a loan, if need be, should funds be exhausted by the welfare department prior to the close of any fiscal year.

It, therefore, becomes inconceivable to the writer to hold that the City-County Council of Marion County is not a proper party to this action and has no standing on the facts presented in this case to challenge the State Board's action.

I would grant transfer in this case but would not dismiss the appeal as done by the majority. This case should be decided on the merits presented by the briefs.

NOTE.—Reported in 308 N. E. 2d 868.