**PORTAGE TOWNSHIP, Porter County, Indiana; M. Bruce Creasy, Portage Township Trustee, Porter County, Indiana; and City of Portage, Porter County, Indiana, Appellants (Plaintiffs Below),**

v.

**PORTER COUNTY, State of Indiana; and The Board of Commissioners of the County of Porter, State of Indiana, Appellees (Defendants Below).**

No. 46A03–8605–CV–149.

Court of Appeals of Indiana,
Third District.

Jan. 26, 1987.

Rehearing Denied March 30, 1987.

Clyde D. Compton, Bonnie C. Coleman, Hodges, Davis, Gruenberg, Compton & Sayers, P.C., Merrillville, for appellants.

Robert A. Welsh, Harris, Welsh & Lukmann, Chesterton, for appellees.

HOFFMAN, Judge.

Plaintiffs-appellants Portage Township, M. Bruce Creasy the Portage Township Trustee and the City of Portage (collectively Portage) appeal a trial court's entry of summary judgment in favor of defendants-appellees Porter County and the Board of Commissioners of the County of Porter (collectively Porter).

The issue dispositive of the appeal is whether Portage has standing to sue Porter challenging the taxes paid by Portage residents to Porter, attributable to emergency medical services, for which Portage residents receive no benefits.

In a memorandum attached to the trial court's order granting summary judgment, the trial court found the following facts pertinent to this appeal: that Porter may not provide emergency medical services to Portage without the consent of Portage pursuant to IND.CODE § 16–1–39–15 (1982); that Portage has contracted with

entities other than Porter for the provision of emergency medical services; that the taxes used by Porter to provide emergency medical services derive from the county general fund and are not attributable to a special tax levy; and that the proper method of challenging the tax would be a taxpayer appeal pursuant to IND.CODE § 6–1.1–17–13 (1982). The trial court then determined that Portage was not the real party in interest; consequently, Portage did not have standing to bring the suit.

The court below and Porter rely upon *City of Indpls., et al. v. State Tax Comm'rs, et al.* (1974), 261 Ind. 635, 308 N.E.2d 868, Givan, C.J., dissenting. In *City of Indianapolis* our Supreme Court determined that the city had no standing to challenge the Tax Board's increase in the budget of the Marion County Department of Public Welfare. The Court in *City of Indianapolis* reasoned that the city was a non-taxpaying municipal corporation, was without property subject to taxation, and the general tax was not a debt of the city, but would be a direct charge upon taxpayers. *City of Indianapolis, supra,* 261 Ind. at 638–639, 308 N.E.2d at 870, citing *State ex rel. City of Sheboygan, et al. v. County Board of Sup'rs. of Sheboygan County, et al.* (1927), 194 Wis. 456, 216 N.W. 144, 145.

The Court's reasoning in *City of Indianapolis* is equally applicable to the present case. Furthermore, as noted by the court below, taxpayers may challenge budgetary action by the county in accordance with IND.CODE § 6–1.1–17–13. Given that Portage does not have standing to bring the suit, the issues raised by Portage concerning the merits of the action need not be addressed.

Therefore, the judgment of the trial court is affirmed.

Affirmed.

GARRARD, P.J., and STATON, J., concur.